IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES O. MOLEN,                               No. 2:17-cv-2224-TLN-CMK

    Plaintiff,

  vs.                                              FINDINGS AND RECOMMENDATION

UNITED STATES 9th DISTRICT
COURT, et al.,

    Defendants.

                                     /

        Plaintiff, proceeding in propria persona, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must

1

dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of a claim plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 464, 649 (9th Cir. 1984). Federal Rule of Civil Procedure 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000). Rule 8(d)(1) requires each allegation to be "simple, concise, and direct." A plaintiff must allege with at least some degree of particularity overt facts which the defendant engaged in to support plaintiff's claim. See Jones, 733 F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

**I. PLAINTIFF'S COMPLAINT**

Plaintiff brings this action against the United States District Court including the Clerk of the Court, two District Court Judges, and a Magistrate Judge with the Eastern District of California.[1] Plaintiff's complaint is unclear and confusing, but states he has two other actions in this court, a criminal action, USA v. Molen, 2:12-cr-0252-TLN, and a civil action, USA v.

---

[1] The plaintiff refers to all of the defendants as part of the 9th District Court. It appears that plaintiff is confused between the United States District Court and the Ninth Circuit Court of Appeals. However, the judges named in the complaint, and all allegations set forth in the complaint, clearly address the actions of judges and employees of the United States District Court for the Eastern District of California.

Molen, 2:10-cv-2591-KJN-MCE. In the criminal action, plaintiff was convicted of filing a false lien against IRS officers in violation of 18 U.S.C. § 1521, criminal contempt in violation of 18 U.S.C. § 401(3), and endeavoring to obstruct the administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a).[2] The civil action was a suit to enforce a federal tax lien. Plaintiff's allegations indicate that he is unhappy with judges that presided over both his prior criminal and civil action. He indicates that the court and the judges lacked subject matter jurisdiction, he is unhappy with the lack of response to motions he filed by the court, and alleges the judges, the Clerk of the Court and others involved in the other proceedings conspired against him.

## II. DISCUSSION

In this case, the only defendants are judges and employees of the Court. Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. See id. Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

While the complaint is difficult to understand in terms of what plaintiff's claims are, it is clear from the allegations that plaintiff is unhappy with the defendants based on their

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

judicial actions. For example, plaintiff alleges the judges acted without subject matter jurisdiction, failed to respond to documents plaintiff filed, failed to dismiss the charges against plaintiff, and that the Clerk failed to file all motions plaintiff submitted. As the judges and the Clerk of the Court are absolutely immune from actions for judicial acts taken within the jurisdiction of their courts, and it is clear that the only acts challenged are judicial acts, the complaint is frivolous as a matter of law and fails to state a claim upon which relief can be granted.

In addition, plaintiff complains about his treatment while incarcerated, including what he ate, what he wore, access to his wife, health care received, and other consequences of being incarcerated, as well as loss of rights from being convicted, such as the right to bear arms. However, the defendants he has named are not responsible for, nor have any direct involvement in, his treatment while incarcerated, and plaintiff's complaint fails to allege otherwise.

Plaintiff also mentions claims such as false indictment, false arrest, false prosecution, false conviction, and false imprisonment. To the extent plaintiff attempts to state such claims, he would be barred from proceeding on such claims. A civil action by a federal prisoner seeking monetary damages or declaratory relief alleging constitutional violations would amount to an action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, where such an action, as with an action under 42 U.S.C. § 1983, would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); see also Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991) ("Actions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens."). Plaintiff

fails to allege his conviction has been invalidated on appeal, by habeas petition, or though some similar proceeding.

### III.  CONCLUSION

Because the only defendants named in this case are absolutely immune from suit, the complaint is frivolous as a matter of law, fails to state a claim upon which relief can be granted, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I), (ii).  Based on the statements made in the complaint, the undersigned finds that any amendment would be futile, and leave to amend should not be granted.

Based on the foregoing, the undersigned recommends that this case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 15, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE